UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MORRIS ONYEWUCHI,

    *Plaintiff*,

v.

EEOC OFFICE OF FEDERAL OPERATIONS,

    *Defendant*.

Civil Action No. 24-1187 (SLS)

Judge Sparkle L. Sooknanan

## MEMORANDUM OPINION

Morris Onyewuchi serves as an immigration judge for the Justice Department's Executive Office of Immigration Reviews. He applied for three appellate immigration judge vacancies at the Department but was not selected. He filed a complaint with the Equal Employment Opportunity Commission (EEOC) to challenge his non-selection as discriminatory, and the EEOC ruled against him. Dissatisfied with that result, he now challenges the EEOC's administrative process and decision under the Administrative Procedure Act (APA), the Elijah Cummings Act, and the Fifth Amendment. The Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). Because Mr. Onyewuchi may seek de novo review of his EEOC claims under Title VII of the Civil Rights Act, he cannot invoke the APA to challenge the EEOC's process or decision. And his remaining claims fail. The Court therefore grants the Defendant's motion and dismisses the case.

### BACKGROUND

#### A.    Factual Background

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023).

Mr. Onyewuchi is an immigration judge at the Executive Office of Immigration Review with "four . . . years of 'judicial experience.'" Am. Compl. at 33, ECF No. 9; *see also* EEOC Decision, Appeal No. 2021004657 (Decision) at 1 (attached to the Amended Complaint). His 170-page Amended Complaint is not a model of clarity. But in a nutshell, it argues that he is a "'well-qualified' Black, male, Nigerian-American candidate for Appellate Immigration Judge (AIJ) positions, who was treated less favorably than similarly situated White and Asian candidates because of the agency's preference for White and Asian attorneys to occupy the three AIJ positions filled under the [s]econd 2020 AIJ vacancy announcement." *Id.* at 17.

Mr. Onyewuchi alleges that he submitted three applications for appellate immigration judge (AIJ) vacancies posted by the Department of Justice. *Id.* at 28, 10. But the Department selected other applicants for all three positions. *See id.* at 28; *see also* Decision at 3. On November 25, 2020, Mr. Onyewuchi "filed a discrimination complaint with the agency's EEO Office, alleging race and national origin discrimination," *id.* at 19; *see* Decision at 1, to challenge "[t]he agency's unjustified and unlawful disqualification of [his] AIJ applica[tion] from fair competition and equal employment opportunity," *id.* at 18.

According to Mr. Onyewuchi, the EEOC dismissed his complaint "without providing [him] an opportunity to make an election of forum, as to whether [he] wished to proceed before an EEOC Administrative Judge or request a Final Agency Decision[.]" *Id.* at 19. Mr. Onyewuchi appealed the dismissal to the EEOC Office of Federal Operations (EEOC-OFO), which affirmed the original dismissal. *Id.* at 19–20. Citing the "EEOC-OFO's disregard of well-established Title VII case precedents and egregious adjudicatory malfeasance, which included relying on extra-record evidence neither party adduced, that cannot be attributed to mere neglect but to adjudicator's preference," Mr. Onyewuchi "filed both a Request for Reconsideration . . . and a Motion to Recuse

the EEOC-OFO's adjudicator who adjudicated [his] appeal." *Id.* at 20. But this was also denied. *See id.* In what Mr. Onyewuchi's alleges was a "one-sided decision in favor of the agency," EEOC-OFO "did not even acknowledge [his] Motion to Recuse nor [his] contentions and substantial probative evidence before it." *Id.* "Instead, EEOC-OFO directed [him] to the U.S. District Court with a right to sue letter, for a de novo review of his Title VII claims." *Id.*; *see also* Decision at 6.

Mr. Onyewuchi alleges that if he "were to proceed to the District Court for de novo review [of his Title VII claims], without bringing to the attention of the Judiciary EEOC-OFO's abdication of its statutory duties, for corrective action, [he] would have become complicit in EEOC-OFO's complete disregard of its statutory mandate under Title VII to endeavor to eliminate invidious discrimination, such as race and nation origin discrimination, in Federal employment." *Id.* Thus, Mr. Onyewuchi brought this lawsuit to "request[] a pre-Title-VII-suit APA review of EEOC-OFO's Reconsideration Decision, *inter alia*, because it was arbitrary and capricious and not in accordance with law, among other violations of law and adjudicatory due process principles discussed in this petition." *Id.*

**B.      Procedural Background**

Mr. Onyewuchi, proceeding pro se, filed the operative Amended Complaint on October 19, 2024, alleging that the "EEOC-OFO's arbitrary and capricious Reconsideration Decision" violates the APA and "fair adjudicatory principles that comport with due process of law[.]" Am. Compl. at 23. The Amended Complaint also appears to rely on the Elijah Cummings Act and the Fifth Amendment. *See id.* at 23, 24. On January 23, 2025, the Defendant filed a Motion to Dismiss the case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Def.'s Mot. Dismiss, ECF No. 13. The motion is fully briefed. *See* Pl.'s Opp'n, ECF No. 15; Def's Reply. ECF No. 19.

**LEGAL STANDARD**

Under Rule 12(b)(6), a court must dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts "must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted). But courts need not accept as true "a legal conclusion couched as a factual allegation," nor an "inference[ ] . . . unsupported by the facts set out in the complaint." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Kowal v. MCI Commc'ns Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

Courts must hold pro se pleadings to a "less stringent standard than formal pleadings" drafted by lawyers, but "need not assume the role of [their] advocate." *Mehrbach v. Citibank, N.A.*, 316 F. Supp. 3d 264, 268 (D.D.C. 2018). In other words, no matter how "inartfully pleaded" a pro se plaintiff's complaint, a court must grant him the benefit of all inferences that can flow from the facts he alleges. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**DISCUSSION**

Mr. Onyewuchi challenges the EEOC's process and decision under the APA, the Elijah Cummings Act, and the Fifth Amendment. The Defendant urges dismissal under Rule 12(b)(6) and asks the Court to strike the 170-page Amended Complaint for failure to comply with the pleading requirements. The Court has carefully reviewed the record in this case, including Mr. Onyewuchi's detailed filings. Because Mr. Onyewuchi may seek judicial review of the claims underlying his EEOC complaint under Title VII of the Civil Rights Act, APA review is unavailable. And the Elijah Cummings Act and the Fifth Amendment similarly do not provide grounds for judicial review. The Court's decision takes no view one way or another on the merits

4

of Mr. Onyewuchi's underlying complaints of discrimination. It says only that these causes of action are not the correct vehicles to challenge the EEOC's decision.

Starting with the APA, Mr. Onyewuchi asks this Court to review the EEOC's dismissal of his administrative complaint. *See* Am. Compl. at 28 ("In this case, petitioner is challenging the agency's violation of his rights in filling all three [appellate immigration judge] positions under the [s]econd 2020 vacancy announcement."); *see also id.* at 2 ("This Court should grant petition for review under the Administrative Procedure Act (APA) in this case, to determine whether the U. S. Equal Employment Opportunity Commission, Office of Federal Operations (EEOC-OFO) is complying with its statutory duty owed to petitioner under Title VII to endeavor to eliminate racial discrimination in employment."). But "final agency action" is only "subject to judicial review" under the APA if "there is no other adequate remedy in a court." 5 U.S.C. § 704.

Here, Title VII grants federal employees the right to de novo review of their EEOC administrative claims in a federal district court if they disagree with the result of the EEOC proceedings. *See Chandler v. Roudebush*, 425 U.S. 840, 846 (1976) ("[F]ederal employees are entitled to a trial de novo of their employment discrimination claims."); *see also Wright v. Dominguez*, No. 04-cv-5055, 2004 WL 1636961, at *1 (D.C. Cir. July 21, 2004) ("Federal employees . . . are not bound by the outcome of the EEOC's administrative process but are entitled to de novo review in district court regardless of that outcome."). And the D.C. Circuit has explained that "de novo review provides an adequate remedy in a court within the meaning of 5 U.S.C. § 704 for complaints about the EEOC's administrative process, precluding an APA challenge to the EEOC's procedures." *Id.* (citing *Ward v. EEOC*, 719 F.2d 311, 313–14 (9th Cir. 1983); *Stewart v. EEOC*, 611 F.2d 679, 682–84 (7th Cir. 1979)); *see also McCall v. Yang*, 179 F. Supp. 3d 92, 96 (D.D.C. 2016) ("[T]he APA does not provide a cause of action to challenge the actions taken by

the EEOC in processing [a plaintiff's] discrimination complaint."); *Seneca v. Price*, 257 F. Supp. 3d 95, 98–99 (D.D.C. 2017) (same). In fact, the EEOC informed Mr. Onyewuchi of his right to seek judicial review of its decision, *see* Am. Compl. at 20 (alleging that the EEOC "directed [him] to the U.S. District Court with a right to sue letter, for a de novo review of his Title VII claims"), but he chose not to take that path. Thus, Mr. Onyewuchi may not challenge either the EEOC proceedings or its unfavorable decision under the APA.[1]

Mr. Onyewuchi also appears to seek relief under the Elijah Cummings Act of 2020 and the Due Process Clause of the Fifth Amendment. These arguments fare no better than his first. The Elijah Cummings Act of 2020, which amended the No FEAR Act of 2002, aims to expand accountability within the federal government. *See* William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021, Pub L. No. 116-283, § 1132, 134 Stat. 3388. Among other things, it requires federal agencies to provide public notice of any final decision involving a finding of discrimination or retaliation. *See id.* § 1133. But critically, it does not create a private right of action for suits against the United States. *See id.* §§ 1131–38; *see also Williams v. Spencer*, 883 F. Supp. 2d 165, 182 (D.D.C. 2012) ("[The No FEAR Act] does not provide a private cause of action."); *Glaude v. United States*, 248 F. App'x 175, 177 (Fed. Cir. 2007) (The "[No FEAR] Act does not create a substantive right for which the government must pay damages."). And because "EEOC determinations are both non-final and non-binding," they may not be challenged under the Fifth Amendment. *Harris v. McDonald*, No. 17-cv-594, 2017 WL 4217101, at *6 (D.D.C.

---

[1] Mr. Onyewuchi argues that *Wright*'s "vitality is in serious doubt because of significant changes in the legal landscape[.]" Pl.'s Opp'n at 16. The Court is not aware of any such changes. But in any event, it is bound by precedent "unless and until overturned by the [D.C. Circuit] en banc" or directly contradicted by the Circuit. *Gersman v. Grp. Health Ass'n, Inc.*, 975 F.2d 886, 897 (D.C. Cir. 1992) (cleaned up).

Sept. 19, 2017) (collecting cases); *see also Hester v. Mayorkas*, No. 21-cv-639, 2022 WL 4464876, at *5 (D.D.C. Sept. 26, 2022) (same).

## CONCLUSION

For the foregoing reasons, the Court grants the Defendant's Motion to Dismiss, ECF No. 13.

A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   July 21, 2025